The BUTCHERS AND DROVERS BANK *vs.* WILLIS and others.

Where a complainant has filed a mere judgment creditor's bill, upon judg-
ments which are afterwards set aside at law, and files a supplemen-
tal bill founded upon a third judgment which is valid, both the original
and supplemental bill will be dismissed.

A mere *pro forma* judgment, which is liable to be set aside, although ex-
ecution may have been returned, will not enable this court to retain a
jurisdiction which is ancilliary to a court of law any longer than such
court suffers its proceedings to stand.

On the tenth day of September one thousand eight hundred
and thirty-one the complainants entered up *two* judgments,
amounting together to the sum of five thousand four hundred
and thirty-one dollars and eighty-seven cents, in the Superior
court of the city of New York, against the defendants George
G. Willis and William C. Robinson.   Executions were issued
upon them and returned wholly unsatisfied ; and on or about the
eighth day of October in the same year, the complainants filed
a bill against Willis and Robinson, in the usual form of a judg-
ment creditor's bill. It prayed a discovery of property ; relief ;
an injunction ; and, a *ne exeat.*   The injunction and *ne exeat*
were granted.

June 1,
1833.

*Practice.*
*Effect of an ori-*
*ginal bill fail-*
*ing where a sup-*
*plemental one is*
*filed.*

The defendant George G. Willis appeared and answered.
He set up, by way of defence, an irregularity in the judgments ;
that a motion was about to be made to set them aside ; and
that he and his partner Robinson had, previous to the filing of
the bill, assigned all their property to Gilbert Allen, Simeon
Baldwin and William W. Yardly, in trust for the benefit of
their creditors.

**1833.**

**B. & D. BANK**
**v.**
**WILLIS.**

On the nineteenth day of October one thousand eight hundred and thirty-one the complainants recovered a third judgment against the same defendants in the Superior court for one thousand eight hundred and sixty-eight dollars and thirty-nine cents ; and filed a supplemental bill on the twelfth day of January one thousand eight hundred and thirty-two against them and Allen, Baldwin and Yardley, as their assignees.

In the supplemental bill, the complainants charged that the assignment was fraudulent ; and prayed a discovery of the property and satisfaction of this last judgment, as well as of the former ones. It did not require the assignees to answer the original bill (and to which they were not parties ;) but called upon them, together with Willis and Robinson, to answer the supplemental bill.

The defendants answered separately ; and showed, that the two judgments mentioned in the original bill were set aside by the superior court for irregularity at the last April term of the court ; and insisted upon it as being a fatal objection and one which must overthrow the original bill, and, consequently, the supplemental one.

Replications had been filed to these answers ; and some proofs taken. Copies of the rules which vacated the two first judgments were produced in evidence.

The question now was, upon the force of the bill and supplemental bill, in consequence of the court of law having set aside the two first judgments.

Mr. *J. H. Patten*, for the complainants.

Mr. *J. Hoyt*, for the defendants.

*June 17.*   THE-VICE-CHANCELLOR. There is no doubt the setting aside of the two first judgments prevents the granting of any relief upon the original bill. The foundation for it was the judgments. These being removed, nothing remains. No satisfaction can be decreed out of the property of the debtors, if any should be discovered, unless an unsatisfied judgment is ex-

isting. Until a regular and valid judgment is obtained, there can be no proceeding in equity. A mere *pro forma* judgment which is liable to be set aside, although execution may have been issued and returned, will not enable this court to retain a jurisdiction which is ancilliary to a court of law any longer than such court suffers its proceedings to stand. I am, therefore, of opinion, that the vacating of the two judgments defeats the discovery and relief which is sought for by the original bill—so far as the satisfaction of those judgments are concerned.

If, however, there was any other ground for requiring the aid of this court and upon which the original bill could be sustained, even if it were for temporary relief, then, inasmuch as the original and supplemental bill form but one record, it may become necessary to look at the latter in connection with the answers and evidence, and see, whether there is enough to entitle the complainants to relief in relation to the last judgment, and which is admitted to be a valid one, in full force, and whereon an execution has been issued and returned unsatisfied? The whole depends upon the rule laid down in *Candler* v. *Petit*, 1 *Paige's C. R.* 168. There, the case made by the original bill was proper for a writ of *ne exeat*; and as the complainant was entitled to the aid of the court for this kind of relief, it was held that a supplemental bill, which set up subsequent facts entitling him to other and more extensive relief, was sustainable.

It is otherwise, where the original bill is wholly defective: for, if there is no ground upon which the party is entitled to any relief or assistance whatever from this court, then, instead of filing a supplemental bill, he should file an entirely new bill, founded upon the new matter.

In the present case, there is no such ground. The preliminary injunction and *ne exeat* were merely incidental to the relief which was sought by the original bill. There was no object for asking for process separate and distinct from that of obtaining satisfaction of the two judgments; and those having been declared void, there can be no order or decree for con-

1833.

B. & D. BANK
*v.*
WILLIS.

tinuing either the injunction or *ne exeat* or granting any tem-
porary relief upon the original bill. In this respect, it is differ-
ent from *Candler* v. *Pettit.* There, the original bill was held
to be sustainable, on the ground of the bail, in the action at
law, having become insolvent; and enough appeared to au-
thorize the issuing of a *ne exeat* and to entitle the complainant
to the aid of this court in detaining the defendant until judgment
could be had in the action then pending and until ulterior pro-
ceedings, if found necessary, could be instituted in chancery.
Equity acquired jurisdiction for this temporary purpose, and,
consequently, retained it generally for all the purposes of
the suit. A supplemental bill was, therefore, proper, from the
time the new matter arose upon which relief could be extend-
ed. In the case under consideration, there was not, indepen-
dent of the two judgments, any failure in bail or other special
circumstances to render the issuing of a writ of *ne exeat* neces-
sary or whereby any relief could be had upon the original bill.
This bill has proved wholly defective ; and, since it cannot be
sustained, neither can the supplemental one be upheld, not-
withstanding any merits contained in it and also notwithstand-
ing there may have been answers put in and proofs taken.
Having arrived at this conclusion, I am not at liberty to ex-
amine the merits.

If the complainants wish for such an examination, they must
file a new bill, which will be, in form, an original bill found-
ed upon the several judgments recovered *de novo* since the
commencement of the present suit.

There must be a decree dismissing both the original and sup-
plemental bill, with costs.