SMITH and others v. CROCHERON.

---

A defendant, in answering a judgment creditor's bill, has a right to set up the fact that a writ of error has been brought to reverse the judgment; as well as circumstances to show that a judgment ought not equitably to have been obtained.

---

Exceptions to an answer for impertinence.

The bill had been filed by the complainants as judgment creditors after an execution at law was returned unsatisfied.

The following matter was excepted to as impertinent.

(First exception.)   "But this defendant denies that the amount of said judgment is equitably due to said complainants, as in said bill is alleged; and says that the said suit was commenced, and the said judgment was obtained by the said Robert Mc. Jimsey in violation of an agreement made with this defendant, by this defendant's creditors, and more particularly by the said Alexander C. Jackson, on behalf of himself and the said Robert Mc. Jimsey, to

*Decemb. 22, 1835.*

*Pleading. Exception for imperti- nence.*

compromise the debts which this defendant owed to the said creditors respectively upon securing and paying to them respectively a certain per centum of the amount due to said creditors from this defendant. And that after this defendant had, in pursuance of the aforesaid agreement, assigned and divested himself of his property, to obtain the security and to pay to said creditors the amount so agreed upon and after nearly all the creditors of this defendant had discharged their claims against him and upon being secured and paid the amount so agreed upon, the said Robert Mc. Jimsey, in violation of said agreement, "fraudulently commenced the said suit and obtained the said "judgment. And this defendant further says that previous, to making said agreement, he having met with very heavy losses in business and his remaining property being wholly insufficient to pay his debts, and this well known to his creditors and this defendant being about to apply for a discharge from his debts under the insolvent laws of this State, and a number of his creditors, more than sufficient for that purpose, being willing to unite with him, in a petition for a discharge under said insolvent laws, this defendant, at the urgent request of the said Alexander C. Jackson acting for himself and the said Robert Mc. Jimsey, agreed to abandon said proceedings and to secure and pay to his said creditors, by the promissory notes of Frazee Ayers and Caleb C. Tunis and of this defendant a certain per centage of the amount of their claim amounting, in the aggregate, to the whole estimated value of all this defendant's remaining property; and a number of the said creditors, including said Jackson and Mc. Jimsey, having, upon the like solicitation of the said Jackson, agreed to receive the same, in full satisfaction of their said claims—and the said Jackson and Mc. Jimsey and the said other creditors thereupon signed their names to an agreement in writing to that effect. But the said Jackson and Mc. Jimsey, though frequently requested to make up their account against this defendant, neglected to do so ; and under various pretences deferred the settlement of their own claims against this defendant under said agreement until after this defendant had settled with and received discharges from so many of

his creditors that this defendant could not, by the aid of his remaining creditors, obtain the benefit of said insolvent laws in opposition to the claims of said Jackson and Mc. Jimsey; and then the said Jackson and Mc. Jimsey set up a fictitious claim against this defendant of several thousand dollars more than was due to them—as was fully proved in the trial of the said suit in the Superior Court, and demanded of this defendant, by their clerk, the per centage agreed to be paid by this defendant upon the whole amount of the claim so set up by them. That this defendant was, at that time, the endorser of the said Jackson and Mc. Jimsey's notes to the amount of several thousand dollars, which were not then due; and this defendant knew that said Jackson and Mc. Jimsey were in failing circumstances and if they failed before said notes were paid that this defendant would be liable for the payment thereof and therefore this defendant, when the clerk so called upon him, desired to see the said Jackson and Mc. Jimsey before he paid or delivered the notes for said per centage; that said Jackson and Mc. Jimsey failed the next day and were unable to pay, as this defendant has heard and believes, more than ten cents in the dollar of their debts; that said Jackson shortly afterwards departed this life and the said Robert Mc. Jimsey (though this defendant, for the sake of settlement, repeatedly afterwards offered to pay to him the per centage agreed upon on the whole amount of his demand, including said fictitious claim) refused to accept the same and commenced the said suit and, as this defendant is informed by his counsel and believes, against law and against equity, obtained said judgment. And this defendant further says that he has caused a writ of error to be brought upon the said judgment to reverse the same, which writ of error is still pending undetermined."

(Second exception.) "And this defendant further says, that at the time of his said failure, he was the indorser, as hereinbefore mentioned, of several promissory notes of the said Jackson and M'Jimsey, who also failed before the said notes become due, leaving the said notes so indorsed by this defendant unpaid and which, being protested for non-payment, this defendant became liable to

1835.

SMITH
*v.*
CROCHERON.

" pay as the endorser thereof; that after the said Jackson and M'Jimsey had refused to accede to said compromise, and after said notes had been so protested, and before the commencement of the said suit in the Superior Court, this defendant, under the advice of counsel, paid for the said Jackson and M'Jimsey, to the holders of said notes, as a consideration for his discharge as the endorser thereof, a sum of money equivalent to what he was obligated to pay said Jackson and M'Jimsey, under said agreement for a compromise."

Mr. *J. Hoyt,* for the complainant and in support of the exceptions.

Mr. *John Wallis,* for the defendant.

*April* 11,
1836.

THE VICE-CHANCELLOR :—The matter of the first exception or the greater portion of it would seem to be responsive to that part of the bill which alleges the judgment to be justly and equitably due and, therefore, is not to be considered impertinent. At any rate, the defendant has a right to set up the fact that he has brought a writ of error to reverse the judgment which is still pending. It may be material to his defence or to give the defendant a right to file a cross-bill for his relief, provided he should succeed, (while this bill is pending) in reversing the judgment. The first exception covers this averment in the answer and if all the other parts of the exception should be well taken, it must, as to this, be deemed too broad and of course be disallowed.

As to the second exception : I consider the master has decided correctly in likewise disallowing it. This exception depends upon the same principle as the last. Those parts of the answer which set up the composition-agreement and show that the judgment ought not to have been recovered, cannot, at this time, be passed upon as immaterial or improper. The complainants come here asking for equitable interference and the recovery of a debt. If they have not done equity they must not ask it. Applying the test as to what is impertinent in pleading (1. Hoffman's Pract. 283,)

and I think the exceptions to the answer were properly disallowed.

Order, overruling exceptions to the master's report, with costs.