## DREW, adm'r, &c. *vs.* DWYER.

Where a creditor's bill is filed in the court of chancery, upon the return of an execution at law unsatisfied, and the defendant is subsequently let in to defend in the action at law, the judgment being left to stand as a security to the adverse party, the proper course is to stay the proceedings, in the court of chancery, until the final decision of the court of law, upon the new trial, is ascertained.

The injunction in the creditor's suit should be retained until that time also; unless the defendant chooses to give security to pay whatever sum may be recovered against him in the action at law, together with the costs in the creditor's suit. But if such injunction is dissolved by the court, upon motion, a new injunction, founded upon the second verdict, ought not to be granted, except upon new facts.

Where proceedings are stayed upon a second verdict, in a suit at law, until an application for a new trial can be made, it is irregular for the plaintiff to take out an execution upon a judgment which has been ordered to stand as security for the amount of such second verdict. And he will not, by issuing such execution, entitle himself to have an injunction renewed, which had previously been dissolved in consequence of the granting of the new trial upon the first verdict.

THIS was an appeal from an order of the vice chancellor of the seventh circuit, granting an injunction. The complainant brought an action of trover against the defendant, in the supreme court, and recovered a verdict for about $1100. Shortly after the trial the defendant obtained an order to make a case, and to stay the proceedings upon the verdict until the case could be argued, on condition that the plaintiff should be permitted to enter up his judgment upon the verdict in the meantime, to stand as security. The judgment was accordingly entered and docketed, in May, 1843. The case was subsequently made, and was argued before the circuit judge, who refused to grant a new trial. The plaintiff then issued his execution upon the judgment, which was returned unsatisfied. He thereupon filed an ordinary creditor's bill in this suit, in

February, 1844, and obtained the usual injunction thereon. In the meantime the defendant had appealed from the decision of the circuit judge; and had given the security required by the fourth section of the act of April, 1832, relating to the supreme court and circuits. And in May term, 1844, he obtained an order for a new trial, by default; which order contained no allusion to the judgment which had been entered to stand as security, under the order of the circuit judge. The defendant therefore pleaded the order of the supreme court, for a new trial, and the orders and decision of the circuit judge previous thereto, in bar of this suit. He likewise applied to dissolve the injunction; which application was granted. The action in the supreme court was subsequently brought to trial, a second time, on the 12th of November, 1844, and a verdict was obtained for the plaintiff for $750. And the same day the defendant obtained an order to stay the proceedings upon the verdict; and giving him thirty days to make a case, or bill of exceptions, for the purpose of moving for a new trial thereon. A day or two afterwards the complainant obtained an order for the defendant to show cause why the injunction in this suit should not be renewed. And within the thirty days, allowed for making the case or bill of exceptions, upon the second verdict, the vice chancellor, upon a hearing of the parties, made the order which was now appealed from.

*David Wright*, for appellant. The order appealed from should be reversed, because, I. The judgment upon which the bill was filed, ceased to have any force, upon the granting of the new trial; the supreme court not having inserted a clause in the rule granting a new trial, allowing the judgment to stand as security. (*Grah. Pr.* 634, 637. 6 *Cowen*, 390. 8 *Paige*, 374. 7 *Id.* 448. 3 *Id.* 506. 2 *R. S.* 127, 2d ed. 4 *Hill*, 125. 18 *Wendell*, 554. 12 *Id.* 254. *See also Grah. Pr.* 367, *tit. Restitution, and the cases there cited.*)

II. No injunction can be granted upon affidavit. If the complainant wished to avail himself of the verdict upon the new trial, he should have filed a supplemental bill. This injunction

was issued upon the affidavit and not upon the bill. (2 *R. S.* 108, § 77, *2d ed.*) It is true there is a bill on file in this cause, but not a bill upon which this injunction is founded. (*See* 1 *Hoffman's Pr.* 334, 5, 6.)

III. The costs of the former motion remained unpaid, and the complainant could have no relief until he paid these costs.

IV. The vice chancellor should have granted costs of opposing motion, to defendant, because complainant asked for more than he was entitled to ; to wit, that the order of 29th October should be modified as to costs, and that he have leave to reply to defendant's plea. (2 *Paige,* 89.)

V. The order of 12th November, staying the plaintiff's proceedings for thirty days, had not expired when the motion of 10th December was made; and that order precluded him from any benefit upon the second verdict.

VI. The matter, at the time of the motion, stood thus: verdict 24th May, 1843, for $1090,32 and judgment, and execution thereupon returned unsatisfied ; that verdict set aside and new trial granted ; a second verdict for $750, and a stay of proceedings thereon ; no fixed demand due from defendant to complainant; no judgment upon which to base a bill for an injunction ; and no amount determined, upon the payment of which defendant's property could be released from the injunction.

*S. P. Nash,* for respondent. The judgment docketed in the supreme court was in no way affected by reason of the verdict being reduced upon the second trial.

THE CHANCELLOR. The bill in this cause was properly filed, and the usual injunction was regularly granted on such bill ; because at that time the judgment was in full force, and all the complainant's proceedings, in the issuing and procuring the return of the execution, were perfectly regular. And if the order of the supreme court, granting a new trial, did not necessarily vacate the judgment, which had been entered up as security, upon the application to the circuit judge for a new trial, the plea of the defendant cannot be sustained. If so, the

Drew *v.* Dwyer.

original injunction should have been retained until the final result of the new trial could be ascertained; unless the defendant chose to give security, to the satisfaction of the court, to pay whatever might be recovered against him in the action at law, together with the costs of this suit. The regular course, where a creditor's bill has been properly filed here upon an execution returned unsatisfied, and where the defendant is afterwards let in to make a defence, in the action at law, leaving the judgment to stand as a security to the adverse party, is to stay the proceedings in this court, until the final decision of the court of law, upon the case there.

The question whether the granting of the new trial, by the supreme court, necessarily vacated the judgment, which the circuit judge had permitted to be entered as security, as the condition upon which he would allow time to make a case and apply for a new trial, did not properly arise upon the application for a new injunction, founded upon the second verdict. For if an injunction was proper, before the final decision of the court upon the second trial, that was a good answer to the application to dissolve the original injunction; and the complainant should have appealed from that decision. Not having done so, he cannot apply to review the decision in this form; but he must show that something has occurred since the injunction was dissolved which entitles him to revive it. Here the affidavit, on the part of the defendant, shows that although a new verdict has been given, for about two thirds the amount of the first, the circuit judge thought there was probable cause for staying the proceedings thereon, until an application for a second new trial could be made; and that he had accordingly stayed the proceedings upon that verdict. During such a stay it would not have been regular to take out a new execution, upon a judgment which had been allowed to stand as security, for the amount of the second verdict. There was not, therefore, a sufficient ground for renewing an injunction which had been previously dissolved.

The order appealed from must be reversed, and the injunction must be dissolved. The costs of the defendant, in opposing

the motion in the court below, must abide the event of this suit; and neither party is to have costs as against the other, upon this appeal. The complainant is also to have liberty to apply to the vice chancellor to revive the injunction, if he shall be so advised, after the verdict shall have become absolute and binding upon the defendant, by the refusal of the supreme court to grant a second new trial.