# SUPREME COURT.

## GEORGE WEYH agt. FELIX BOYLAN and others.

*Mortgage foreclosure — Conveyance of mortgaged premises by mortgagor after lis pendens filed — Mortgagor dies during pendency of action — Against whom should action be revived — Code of Civil Procedure, secs. 765–1661.*

Where an action was commenced by A. against B. to foreclose a mortgage, and, after *lis pendens* filed, B. conveyed the premises to C., and thereafter B. died and C. was made administrator of B., the action was revived and continued against C., as administrator, and a decree of foreclosure and sale was entered:

*Held,* that the action was properly revived. Under section 1671 of the Code of Civil Procedure, C., as a grantee subsequent to the filing of the *lis pendens,* is bound by all the proceedings in the action to the same extent as if he were a party and his equity of redemption was cut off by the decree.

Whether a judgment *in personam* for deficiency could be entered against C., *quære?*

*Special Term, February,* 1882.

THIS motion is made for the purpose of compelling the purchaser to complete his purchase on the sale under the decree entered in this action.

The facts in the case are as follows :

In April, 1878, this action was commenced by the plaintiff against the defendant, Felix Boylan and others, to forelose a mortgage upon the premises described in the decree in this action. A *lis pendens* in said action was duly filed in the office of the clerk of the city and county of New York. At that time Felix Boylan was the owner in fee of the premises. An answer was put in by said defendant Boylan, and the cause tried November 11, 1878, before Mr. Justice VAN BRUNT, and a judgment was thereafter entered dismissing the plaintiff's complaint. An appeal was taken by the plaintiff from this judgment, and pending such appeal, and before argument at the general term, on the 2d day of July, 1879, the defendant, Felix Boylan, duly conveyed the premises to one Michael S. Boylan.

Pending the appeal, and before the argument, and after the conveyance above, Felix Boylan, the defendant, died ; his death occurred September 2, 1879. On the 27th day of October, 1879, an order was made reviving this action against Michael S. Boylan, the administrator of the goods, chattels and credits of Felix Boylan, deceased. The appeal from the judgment dismissing the complaint was argued in January, 1880, and the judgment of the special term affirmed.

From this judgment of affirmance an appeal was taken by the plaintiff to the court of appeals, which appeal was argued May 9, 1881, and the judgment of the special term and general term reversed, and a new trial was ordered.

All these facts appear by the papers on the case and the judgment.

The cause was tried in 1881, and a judgment of foreclosure and sale entered.

Outside of the judgment roll appears the fact that it is very doubtful if Michael S. Boylan, the administrator of Felix Boylan, deceased, was living when the cause was tried in 1881, or when it was argued in the court of appeals in May, 1881.

*Townsend & Mahan*, for purchaser.

I. The court will not compel a purchaser to accept a doubtful title. A purchaser on a partition or foreclosure sale has a right to expect that he will acquire a good title. He should not be left to the uncertainty of a doubtful title, or the hazard of a contest with other parties which may seriously affect the value of the property if he desires to sell it (*Jordan* agt. *Poillon et al.*, 77 *N. Y.*, 519, 521).

II. This action was originally commenced against Felix Boylan the mortgagor and owner of the fee during his lifetime, and a notice of *lis pendens* was duly filed. After a judgment in his favor, and pending an appeal by the plaintiff from such judgment, he conveyed the premises to Michael S. Boylan. Before argument of the appeal from such judgment Felix Boylan, the original defendant, dies. The question now arises whom should this action be revived against? The plaintiff assumed that it should be revived against the administrator of the goods, chattels and credits of Felix Boylan, deceased, and not against his successors in interest. This, it is claimed by the purchaser at the sale, is erroneous, for the reason that the administrator is not the successor in interest of the defendant. The fee of the land did not vest in the administrator, and the order of revival against him was a nullity, except as enabling the plaintiff to enter a judgment for deficiency against the estate of Felix Boylan, deceased.

III. The Code prescribes that no action shall abate by the death of a party, but that the same may be revived against the personal representatives or successor in interest if the cause of action survive. In this case the action being one *in rem*, did not the action survive against the successor in interest, and should not the revival have been against him?

IV. The judgment entered in this action is against Felix Boylan, the deceased, and Michael S. Boylan, his administrator. The difficulty is that inasmuch as Felix Boylan died before the trial of this action, upon which the judgment was entered, such

judgment against him is utterly and entirely invalid and absolutely void (*see Code, sec.* 765), and therefore as far as the judgment is in form against him, it is no judgment, and there being no judgment against the person who was the owner of the fee at the time of the commencement of the action, it follows that there is no judgment in existence which could cut off his grantee.

V. When order of revival was made should it not have been upon a supplemental complaint? If this was necessary there was none in this case.

VI. It having been impossible, after the death of Felix Boylan, to have entered any valid judgment against him, it was necessary to have had, from the time of the death of Felix Boylan, the person who succeeded to his interest in the estate before the court before any judgment cutting off his right of redemption could have been entered. In other words, if Felix Boylan had lived, a judgment of foreclosure would have cut off Michael S. Boylan, who succeeded to his ownership of the fee after the filing of the *lis pendens;* but Felix dying before the trial it was necessary from that time to have before the court the person succeeding to his interest.

VII. It may be claimed that Michael S. Boylan being made a defendant, as administrator, &c., was before the court. This did not bring him before the court in his individual capacity. He was brought in specifically as the representative of the goods, chattels and credits of the deceased, not as the owner of, nor having any interest in the fee, but merely for the purpose of obtaining a judgment for deficiency against the estate of the deceased. Any judgment against him as administrator in no way cuts off his right as the individual owner of the fee to redeem.

VIII. From the affidavit submitted, relative to Michael S. Boylan the administrator, it is very doubtful if said administrator was living at the time of the trial of this action, or of the entry of the judgment therein.

IX. As the law stood before the Code, it is expressly held

Weyh agt. Boylan.

in Story's Equity Pleadings (*section* 329), that if a change of litigation is occasioned by or in consequence of the death of a party whose interest is not determined by his death   *   *   * the proceedings become abated or discontinued either in part or in the whole.   For as far as the interest of a party dying extends there is no longer any person before the court by whom or against whom the suit can be prosecuted.   Again by section 354 (*Id.*), the death   *   *   *   of one of the original parties is the most common, if not the sole cause of the abatement of a suit in equity.   As the interest of a plaintiff usually extends to the whole suit, therefore in general from the death of a plaintiff all proceedings become abated.   *   *   *   Upon death of the defendant likewise all proceeding become abated as to that defendant.   Under section 354 *a*, a bill of revivor, properly so-called, lies only by or against the persons who are the proper representatives of a deceased party.   If the suit respects the personal assets of the deceased party, his executor or administrator is the only proper party by or against whom the revivor is to be.   If the suit respects the real estate of the deceased party, his heirs are the proper parties.   And this same doctrine is held through the whole chapter as to supplemental bills (*Chapter* 8, *bills not original*), the very gist of the whole doctrine being that a change of interest from a living defendant to a living party, leaves the subject of litigation in equity still before the court; but if the party whose interest is affected is not living at the time of the trial of the action, then the action absolutely abates and must be revived by supplemental bill against the party who succeeds to the interest of the deceased; if personal property, then against his administrator; if realty, then against his heirs or assigns.   In other words, there must be a living party at the time of the trial who represents the equity of redemption. The exact point both by the Code and by section 366, Story's Equity Pleadings, and by all the decisions running through the cases in this state, is that where a decree has been signed and enrolled, or even where a trial has been had,.

judgment may be entered and enforced in form against the deceased party, but always remains the principle that if a party·dies before trial, his successor in interest must at the time of the trial be before the court. An order should be entered discharging the purchaser, and directing the repayment of the ten per cent by the referee, and out of any proceeds on a resale of the auctioneer's fees and expenses of search.

*L. P. Kirchies* and *Jacob A. Gross*, for plaintiff.

I. It is not denied that when the complaint and *lis pendens* were originally filed all necessary parties were joined and brought before the court.

II. The defendant, Felix Boylan, having parted with his interest *pendente lite*, his heirs were not on his death either necessary or proper parties. The action could only be continued as against his personal representatives, and this was done.

III. Michael S. Boylan, the purchaser of the equity, was also the administrator of the estate of Felix Boylan, deceased. The action was continued as against him and he appeared by. attorney. The fact that he is called administrator, &c., does not alter this. Having been brought before the court, jurisdiction was acquired over him in every capacity in which he might have an interest in or claim to the mortgaged premises.

IV. But it was not necessary to continue the action as against the grantee of Felix Boylan at all. He came in after the filing of the *lis pendens*, and was bound by all proceedings taken in the action to the same extent as if he was a party to the action (*Code of Civil Pro.*, secs. 1670, 1671).

V. The effect of the conveyance upon this sale is declared by·section 1632. It is an entire bar against each party to the action who was duly summoned and every person claiming from, through or under a party by title accruing after the filing of the notice.

VI. The Code has merely enacted a well established maxim of equity jurisprudence (*Story's Eq.*, secs. 405, 406, 409).

VII. The authorities under the old Code uniformly held in accordance with the doctrine of equity that the decree entered in the suit binds the purchasers (*Cleveland* agt. *Boerum*, 24 *N. Y.*, 610; *affirming S. C.*, 27 *Barb.*, 252; *Harrington* agt. *Slade*, 22 *Bosw.*, 162; *Griswold* agt. *Miller*, 15 *id.*, 520; *Zeiter* agt. *Bowman*, 6 *id.*, 133; *People* agt. *Connelly*, 8 *Abb. Pr.*, 128; *Chapman* agt. *West*, 17 *N. Y.*, 125; *affirming S. C.*, 10 *How.*, 367).

VIII. Not only the parties, but also all in privity with them are bound (*Craig* agt. *Ward*, 1 *Abb. Ct. App. Dec.*, 454; *Fuller* agt. *Scribner*, 76 *N. Y.*, 190).

IX. The provisions of the Code prescribing the proceedings in an action after death of a party defendant have no application to actions of foreclosure so far as such actions are proceedings *in rem*. If at the time of filing the *lis pendens* all parties are properly before the court, no subsequent event, whether the act of the parties or otherwise, can interfere with the right of the plaintiff to proceed. A perfect title to the property can be conveyed. Whether a judgment *in personam* for deficiency can be entered is a question which does not arise here. The objection made to the title is without force and the purchaser should be compelled to take or consent to a resale.

BARRETT, *J.* — The only question is whether Michael S. Boylan's equity of redemption was cut off by the decree. It is conceded that it would have been cut off had his grantor, Felix Boylan, lived. The claim is that because of Felix's death *pendente lite*, the equity could be cut off only by making Michael a party. I am unable to perceive why this incident should affect the question. Under section 1671 of the Code, Michael, as a grantee subsequent to the filing of the *lis pendens*, is bound by all proceedings in the action to the same extent as if he were a party. The purchaser would read this section as though the words "unless his grantor shall die before judgment" were added. Felix's heirs cannot com-

plain, as the equity had been conveyed; nor can the grantee, for the reason above stated. The point made by the purchaser is not that there was no revival, but that the action was not properly revived — it is true against Michael's personal representatives. But whether the court should proceed by bringing in these personal representatives or the heirs-at-law, or the successor in interest to the equity of redemption, was a question necessarily determined before granting judgment of foreclosure and sale. By that determination all parties are bound; and practically there can be no prejudice, as Michael had full notice and was made a party as Felix's administrator. I think the purchaser will get a good title, and that we are not asking him to purchase a law suit nor a doubtful title. Upon the whole the motion to compel him to complete must be granted, but, as the question seems to be new, without costs.