## SUPREME COURT.

### GEORGE WEYH agt. FELIX BOYLAN and others.

*Mortgage foreclosure — Revival — Effect of lis pendens on subsequent purchaser — Code of Civil Procedure, sections 765–1661.*

In an action to foreclose a mortgage a grantee, subsequent to the filing of the *lis pendens,* is bound by all the proceedings in the action to the same extent as if he were a party, and his equity of redemption is cut off by the decree.

Where A. commenced an action against B. to foreclose a mortgage, and, after *lis pendens* filed, B. conveyed the premises to C., and thereafter B. died and C. was made his administrator. The action was revived against C. as administrator of B., deceased:

*Held,* that the action was properly revived, and C.'s equity of redemption cut off by the decree (*Affirming S. C.,* 62 *How.,* 397).

*First Department, General Term, March,* 1882.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

THIS is an appeal, by the assignee of the purchaser at the foreclosure sale in above action, from an order made by judge BARRETT, on the 16th day of February, 1882, compelling him to complete the purchase, notwithstanding the objections made by him to the title which the deed of referee could confer. The facts fully appear and will be found in the report of the case at special term (62 *How.,* 397).

*Townsend & Mahan,* for appellant, purchaser.

*L. P. Kirchies,* attorney, and *Jacob A. Gross,* of counsel, for respondent.

PER CURIAM.— We are of the opinion that this case was properly disposed of by the court below for the reason assigned in the opinion of BARRETT, J., which we adopt as our own.

On looking into the judgment roll in the case produced on the argument, we find that the judgment was in fact given

Matter of Bayard.

upon findings of fact against Michael S. Boylan, both as administrator of Felix Boylan and individually. This circum. stance is a controlling one, while the judgment record stands in its present form.

No irregularity appears upon which the judgment can be adjudged void, and even if there were an irregularity in the form it cannot be corrected by us to the prejudice of the plaintiff; and would not be at special term on motion of Boylan for such a purpose as to enable him to assert that he, as a subsequent purchaser, is not affected by the *lis pendens* in the action.

The order should be affirmed, with ten dollars costs, besides disbursements.