Yan Brunt, J.
The complaint in this action alleges that in April, 1888, the plaintiffs issued to the sheriff of *238 New York an attachment in an action in which these plaintiffs were plaintiffs and John G. Bernharth and lienors were defendants. That the sheriff levied said attachment, and by reason of such levy received the sum of $900. That in November, 1888, upon motion of the defendants as subsequent lienors an order was entered vacating the plaintiffs’ attachment. That thereupon the sheriff paid over to these defendants as subsequent lienors said $900 which he had •collected under the attachment issued to him by the plaintiffs. In the same month the plaintiffs obtained judgment in the action in which the attachment was issued for $1,257.91, and issued an execution thereon which was returned unsatisfied.
In October, 1889, the court of appeals reversed the order vacating the attachment and denied the motion made by the defendants to vacate the attachment.
That restitution of the said $900 has been demanded and refused and judgment of restitution is asked for. To this complaint the defendants demur upon the ground that the complaint does not state a cause of action against them in favor of the plaintiffs.
I fail to see how this action can be maintained. The defendants have received nothing from the plaintiffs which they are bound to restore to them. The inference to be drawn from the allegations of the complaint is that the sheriff has realized out of the property of John G. Bernharth and others, upon attachments against them, the sum of $900, and that he has paid such sum over to the defendants in this action upon an execution issued to said sheriff against the property of said Bernharth and others in their favor. It is true that but for the .vacation of their attachment the plaintiffs in this action would have been entitled to receive that money, but that attachment having been vacated the sheriff was bound to pay to the party next entitled, and this he did, and the lien of the plaintiffs seems to have been lost.
It does not seem to be very material upon whose motion *239 the attachment was vacated; the same result would have followed had the motion to vacate been made by the defendants in the attachment.
In all the cases cited where restitution has been ordered or decreed, the party whose money or property had been taken was the moving party. Hot a party who had lost a lien because of an erroneous decision of the court, and that is all that the plaintiffs had by reason of their attachment. The property was not theirs, but belonged to the defendants in the attachment until it was devoted to the payment of the defendants’ execution.
I do not see how the defendants are under any liability to the plaintiffs in an action like the present one, because the sheriff has paid them their execution out of property upon which they formerly had a lien of which they were unjustly deprived.
The demurrer must be sustained with costs.
Hot® on the Power of the Court to relieve by restitution AFTER KEVERSAL ; AND THE RE-INSTATEMENT OF BEHEDIES UPON REVERSAL OF A REVERSAL.
The case in the text presents a principle of increasing practical importance owing to the frequent instances in which an order or judgment reversed or vacated at General Term is held to have been proper, on appeal to the court of appeals.
The right to recover back moneys paid is now well protected by the rule established in this state that voluntary payment is not a waiver of the right of appeal (case 6) although in some other states the harsh rule of common law is still applied.
And this right may be enforced by application for restitution or by a new action at the election of the party (cases 1-3).
But though the right to recovery of money or property taken is clear, the right to a reinstatement of a remedy vacated or reversed is not recognized. Stay on appeal does not suffice. An advantage once gained is not lost, though its progress is stopped, by stay on appeal from the order or judgment granting it. But the vacation or reversal of an order or judgment securing an advantage is not nullified by stay on appeal from the reversal or vacation (19), even though a new trial be ordered (cases 7-13,18).
*240 These rules are sometimes of much importance in determining on the best policy in prosecuting a creditor’s action.
Judgment creditors in pursuing their remedy against lands alleged to have been fraudulently conveyed, have the choice of three several proceedings. They may sell the premises by execution on the judgment, and leave the purchaser, after his title shall become perfect by a deed from the sheriff, to contest the validity of the defendant’s title, in an action of ejectment ; or, secondly, they may issue their execution and bring their action to remove the fraudulent obstruction, and await the result of the action before selling the property ; or third- . ly, they have the right, upon the return of an execution unsatisfied, to bring an action in the nature of a creditor’s bill, to have the conveyance to the defendant adjudged fraudulent as against their judgment, and the lands sold by a receiver or other officer of the court, and the proceeds applied to the satisfaction of the judgment as equitable interests and things in action of a judgment debtor are reached and applied to the satisfaction of judgments against them (Erickson v. Quinn, 15 Abb. Pr. N. S. 166. Leading case under the Code).
If a plaintiff whose right depends on a pre-existing judgment, such as the plaintiff in a creditor’s action, has cleared the title by a new suit, getting judgment therein, and then sold, not by a judicial sale, decreed in the new suit, but by proceeding under his previous right because the peril caused by the apparent obstacle has been removed, the subsequent reversal of the judgment in the new suit, which purported to clear the way, will not of itself impair the sale, nor entitle the court reversing the judgment to order restitution therein (case 12). But the reversal of the judgment on which he sold may perhaps have that effect (see cases 14-16). On the other hand if the plaintiff framed his new suit so as to take a judgment for sale therein, and sold under that judgment, even though also for payment of the previous judgment, the subsequent reversal of the judgment under which he sold will enable the appellate court reversing it to direct restitution (case 13).

Notes of Cases.

1. New action against party, instead of applying in same suit¡\ Clark v. Pinney, 6 Cow. 297.
The defendant recovered a money judgment against plaintiffs. Execution was issued, and the amount and costs were paid by plaintiffs to' sheriff. The judgment subsequently reversed upon appeal.—Held, that plaintiffs could thereupon bring assumpsit to recover the sum paid under the judgment, or they might pursue the old remedy by scire facias-
*241 2. Kidd v. Curry, 29 Hun, 215.
Defendant recovered a money judgment against the plaintiff, upon which he issued an execution and collected the whole. This judgment was subsequently vacated. The plaintiff then, after demand, sued to recover the amount paid with costs.—Held, that the defendant had a right either to apply for an order for the return of the money so paid, under Code Civ. Pro. 1323, providing for restitution in the case wof reversal, or to bring an action to recover it.
3. Lott v. Sweezy, 29 Barb. 88.
Defendants recovered a money judgment against plaintiff, who paid them the sum so recovered, and also appealed, and had the judgment reversed, and a new trial ordered. Plaintiff thereupon sued and demanded judgment for the sum so paid by him. Defendant demurred upon two grounds : 1. That there is another action pending for the same cause between the parties; and 2. That the complaint does not state sufficient facts to constitute a cause of action.—Held, that where money has been collected upon a judgment valid at the time, and that judgment is subsequently reversed, the money may be recovered back, although the payment may not have been coerced by actual duress.
4. Against third person.] Bank of U. S. v. Bank of W., 6 Pet. 8. Triplett and Neale recovered a judgment against the Bank of Washington (defendant in error here), for a certain sum, which was paid under execution to the Bank of the U. S. (the plaintiff in error here), through their agents. Triplett and Neale directed plaintiff to apply the money upon certain outstanding notes of theirs. The judgment was subsequently reversed.—Held, that the Bank of Washington could not maintain an action against the Bank of the United States to recover the sum paid under the execution. Upon an erroneous judgment, if there be a regular execution, the party may justify under it until the judgment is reversed; .for an erroneous judgment is the act of the court. On the reversal of an erroneous judgment, the law raises an obligation on every party who has received the benefit of the judgment, to make restitution. But as it respects third persons, whatever has been done under the judgment, whilst it remained in full force, is valid and binding.
[For the same principle see the statute (21 below) § 1323.]
5. Costs to abide event.] Sturges v. Allis, 10 Wend. 354. Plaintiff was non-suited, and the defendants had judgment for costs, on which they issued an execution, and plaintiff paid the amount of costs to the sheriff. The judgment for costs was reversed upon appeal, and a new trial ordered, costs of reversal to abide the event. The plaintiff then brought suit to recover back the money paid by him.—Held, that *242 the award of a new trial and the order that the costs of reversal abide the event of the suit, were no bar to recover back the money paid.
[Compare Brown v. Farmers’ Loan & Trust Co. in this vol. p. 160, and note on costs to abide event, in 11 Abb. N. C. 217.]
6. Voluntary payment.] A party against whom a judgment has been rendered is not prevented from appealing to the court of appeals by the fact that be has paid the judgment, unless such payment was by way of compromise, or with an agreement not to take or pursue an appeal. Hayes v. Nourse, 107 N. Y. 577. [Citing Dyett v. Pendleton, 8 Cow. 326; Sheridan a. Mann, 5 How. Pr. 201; 42 Barb. 441; Clowes v. Dickenson, 8 Cow. 328].
7. Attachment.] Blum v. Addington (Tex.) 9 S. W. Rep. 82. The plaintiffs causing an attachment to be levied upon property of certain debtors, defendant gave a bond for the trial of the right of property, pending which the attachment was, by an interlocutory order, quashed, and the property released from levy. Upon the defend ant pleading the .order quashing the attachment in abatement of the action for the trial of the right of property, plaintiffs moved to suspend the proceedings therein, and continue the case until final judgment-in the attachment suit and a ruling upon the validity of the attachment could be had.— Held, that when an attachment is dissolved by an interlocutory order, the dissolution, with all its consequences, takes effect at once, and as to personal property, puts the parties in the same position as if no attachment had issued. That therefore the motion should be denied and the action dismissed.
8. Arrest.] People ex rel. Roberts v. Bowe, 81 N. Y. 43. The relators -were arrested under an order of arrest issued in an action and held in custody by the defendant, then sheriff. The plaintiff in the action recovered judgment, and the relators were charged in execution, and thereafter held thereunder. The judgment was reversed on appeal.— Held, on habeas corpus, that the relators were entitled to discharge from imprisonment;—Held, because where judgment in an action has been perfected against the defendant, and he has been charged in execution, a provisional order of arrest issued thereon is extinguished, and is thereafter of no force or validity; it is noj; revived by a reversal of the judgment. Decision that arrest was reinstated therefore reversed.
9. Bowman v. Bowe, 40 Hun, 489. An order of arrest was issued against all the defendants, except Bowe. Thereafter at the trial the complaint was dismissed, and thereupon the defendants, who had been arrested under the order were discharged. On appeal the judgment of dismissal was reversed. On the new trial judgment went against all the defendants.—Held, that it was error thereafter to grant plaintiff’s motion for a reinstatement of the order of court against the *243 defendants, and that the order be declared in full force against the defendant Bowe, whose name, it was claimed, had been erased from, the original order.
10. Wilson v. Ryder, 13 Civ. Pro. R. 69.
Defendant taken on an order of arrest issued as a provisional remedy, deposited $300 in lieu of bail. At the trial the complaint was dismissed, and he thereupon moved for an order directing the clerk to refund the deposit. This motion was denied because the plaintiff had appealed from the judgment and given security to stay proceedings ; the defendant appealed.—Held, that a judgment in favor of a defendant against whose person an order of arrest has been issued, effectually and finally discharges such order notwithstanding the plaintiff appeals therefrom; and although the judgment is reversed, the order cannot be reinstated, upon motion, but a new order may issue.
11. — injunction.] Wood v. Dwight, 7 Johns. Ch. 295.
Motion by defendant for leave to proceed at law, notwithstanding an appeal.
An injunction had issued staying execution at law, which on motion and argument was subsequently dissolved ; and an appeal from the order dissolving it was taken to the court of errors.—Held, that after an order dissolving an injunction staying execution at law, the plaintiff is at liberty to proceed with his execution, notwithstanding an appeal by the defendant from the order ; for an appeal cannot, of itself, affect the validity of an order dissolving an injunction, or discharging a party from a writ of ne exeat, or revive the process; it only stays further proceedings in the court.
12. Creditor's suit.] Murray v. Berdell, 98 N. Y. 480.
The judgment in a suit brought by plaintiff, a judgment creditor, to annul a deed executed by the debtor, adjudged that the deed was fraudulent and void as to creditors of the judgment debtor; that the judgments upon which the suit was founded were subsisting liens on the real estate conveyed, and that it was liable to be sold thereunder, as if no such conveyance had been made. Thereupon the creditors proceeded under their executions upon the original judgments, and sold the interest which the debtor had at the time of docketing those judgments respectively. After deeds had been executed to the purchasers, the judgment in the creditor’s was reversed on appeal. On application for restitution of the property,—Held, that this was not a proper case for granting such relief, as the sale was not under that judgment and the purchasers were not put in possession under it, but under the original ones. That under the provision of Code Civ. Pro. § 1323, authorizing an appellate court, on reversal, to make or compel restitution of property or of a right lost by means of the erroneous judgment, such court cannot *244 restore property taken and sold under another judgment, although the effect of the reversal is to decide that the property was taken from the party legally entitled to it.
13. Wallace v. Berdell (reported as Murray v. Berdell), 98 N. Y. 480.
Defendants’ creditors issued an attachment, and under it levied! upon land which had been conveyed by the debtor; they perfected judgment and issued execution, and then instituted a creditors’ suit. The judgment therein set aside the conveyance, established the lien of the attachment and directed the sheriff to sell the interest of the judgment debtor in the real estate so levied upon, and this not only for payment of the attachment lien, but also for payment of the costs, etc., of the equity suit, and the sale was of the property discharged from any lien of his grantee. The sheriff sold, in obedience to the commands of the judgment, to trustees for the creditors. The judgment was subsequently reversed upon appeal, and a new trial ordered. Defendants’ grantee moved for restitution.—Reid, that a proper case was presented for granting the relief sought.
14. Smith v. Crocheron, 2 Edw. 501.
The defendant in a creditor’s suit may show by answer that a writ of error, brought by him on the judgment on which the suit is founded, is pending.
15. Drew v. Dwyer, 1 Barb. Ch. 101.
If a creditor's bill has been properly filed after execution, returned unsatisfied, and defendant is afterwards let in to defend the action at law, leaving the judgment to stand as a security, the proceedings in ■ chancery should be stayed until the final decision at law.
16. Butchers & Drovers’ Bank v. Willis, 1 Edw. 645.
If, after bill filed, the judgment is set aside in the court where it was recovered, the bill must be dismissed. Complainant cannot proceed by supplemental bill on another judgment recovered meanwhile.
17. Foreclosure of Weyh v. Boylan, 63 How. Pr. 72; affirming 62 Id. 397.
In this case an action for foreclosure of a real property mortgage" was brought against B., the owner of the land, and lis pendens filed. B. answered, and the complaint was dismissed at the trial. Pending appeal, B. conveyed and died. The action was revived against B.’s grantee as administrator. The judgment. was affirmed, but subsequently reversed in the court of appeals, and a new trial ordered, on which new trial plaintiff recovered.—Reid, that the proceedings were regular, and B. ’s grantee was cut off by the judgment, though he was *245 not made a party individually (Weyh v. Boylan, 62 How. Pr. 397; affirmed, 63 Id. 72. So held granting motion to compel purchaser at foreclosure sale to take title. S. P., Parks v. Murray, 2 N. Y. State Rep. 135 (holding that pending time to appeal, the, court could not cancel the notice, even after a decision in favor of defendant on the merits); Willis v. Bellamy, 53 Super Ct. (J. & S.) 94.
18. Pendency of new trial.] Murray v. Berdell, 98 N. Y. 480.
The right to restitution on the reversal of a judgment under which a sale has been had, is not impaired by the fact that the judgment •ordered a new trial which has not yet been had, and that upon a new trial plaintiffs may obtain another judgment authorizing a re-sale, to the same effect as that set aside by the reversal. This is no ground for keeping the defendant from the enjoyment of property of which ho has been deprived by an erroneous judgment.
19. Stay does not secure re-instatement.] Sixth Ave. R. R. Co. v. Gilbert Elev. R. R. Co., 71 N. Y. 430.
An appeal from a judgment restraining defendant’s acts does not affect the validity or effect of the judgment pending the appeal, nor the duty of obedience. The stay does not give defendant leave to •disregard the judgment ; but only prevents plaintiff from moving .meanwhile.
20. Restitution not ordered by court modifying its own judgment.] Wright v. Nostrand, 100 N. Y. 616.
Plaintiff, a receiver in supplementary proceedings, brought an .action to set aside a fraudulent conveyance. He succeeded at Special Term, but the judgment was reversed by the General Term, whose judgment, however, was reversed by the court of appeals, and the original judgment confirmed with costs, which last judgment was perfected, and the costs collected. Upon a subsequent re-srgument in the •court of appeals the judgment was modified so that no costs were allowed. On motion in the court of appeals for restitution,—Held, that it being doubtful whether it could be granted under Code Civ. Pro. •§ 1323, the motion should be denied, and the plaintiff remitted to the lower court, upon whose execution the money was paid and whose •officer the plaintiff as receiver was.
SI. The statutes.]. The provisions of the Code of Civil Procedure .so far as they concern actions in courts of record, are as follows:
§1323 (am’d 1877 and 1880). “When a final judgment or order is reversed or modified upon appeal, the appellate court, or the General Term ■of the same court, as the case may be, may make or compel restitution ■of property, or of a right, lost by means of the erroneous judgment or order; but not so as to effect the title of a purchaser in good faith and *246 dor value. When property has been sold, the court may compel the-value, or the purchase price, to be restored, or deposited, to abide the event of the action, as justice requires. When the appeal is from a judgment in favor of the owner of real estate, in an action to compel the specific performance of a contract for the sale thereof, such owner shall have the same right to sell or dispose of the same as though no-appeal had been taken; unless the appellant shall file with the clerk of the court a written undertaking,” for damages, etc.
§ 445, which provides for letting in a defendant served by publication, to defend, after judgment, directs as follows: “If the defense is-successful, and the judgment, or any part thereof, has been collected, or otherwise enforced, such restitution may thereupon be compelled, as the court directs; but the title to property, sold to a purchaser-in good faith, pursuant to a direction contained in the judgment, or by virtue of an execution issued upon the same, shall not be affected, thereby.”
11292. Where a judgment is set aside for any cause, upon motions the court may direct and enforce restitution, in like manner, with like-effect, and subject to the same conditions as where a judgment is reversed upon appeal.
22. New attachment or arrest.] Attachment may be granted after a verdict, if before final judgment (Code Civ. Pro. § 638); and so may arrest at any time before final judgment and in some cases even after-final judgment. Id. § 551. For form, see 2 Abb. New Pr. and F. 793.