ALBANY,
Dec. 1828.

Safford
v.
Stevens.

### GIDEON SAFFORD, plaintiff in error, *and* THADDEUS STEVENS, defendant in error.

If a plaintiff proves all that is laid in his declaration, he ought not to be nonsuited. If the declaration is insufficient, the defendant may avail himself of the defect by demurrer. If he neglects to do so, he cannot object to the declaration at the trial, but will be put to his motion in arrest of judgment. The only ground of nonsuit at the trial is, that the proof is not sufficient to support the declaration.

Where a stranger to a suit entered into an agreement to pay the taxable costs in the cause, it was held, that before suit brought he was entitled to *notice* of the amount at which the costs were taxed, but that it was not necessary that he should be served with a copy of the taxed bill, or that payment should be demanded.

On an agreement to pay *to the attorney* of a defendant in a particular suit the taxable costs in the same, an action to enforce the agreement in the name of *the party*, will be sustained.

A nonsuit ordered by the court, without motion of the defendant, for a defect in the proof of one count in a declaration, when a good and distinct cause of action is shewn under another count, but which is overlooked by the court in pronouncing judgment, will not be sustained, although the plaintiff did not direct the attention of the court to the cause of action shewn under such second count. Had the application for the nonsuit been made by the defendant, the omission of the plaintiff to direct the attention of the court to the proof establishing his right of action, *it seems*, would be considered a waiver of his rights.

Where, in a record of a judgment of the supreme court reversing a judgment of the common pleas, restitution was awarded upon a *bare suggestion* that the prevailing party in the court below had obtained satisfaction of the judgment pronounced in his favor, whereby the losing party had lost a certain sum, the court of errors refused to consider the point, as the question had not been submitted to or passed upon by the supreme court.

The practice of applying to the supreme court on affidavit for leave to make a suggestion on the record in such case to lay the foundation of a judgment for restitution, approved.

ERROR from the supreme court. The action in this case was originally commenced in the Washington common pleas by Stevens against Safford. The plaintiff declared on a special agreement, whereby the defendant, in consideration of certain goods, wares and merchandizes, delivered to him by the plaintiff, promised to pay the costs of the defence of a suit prosecuted in the supreme court by one *Adin* Safford against the plaintiff, and which suit had been discontinued.

The declaration also contained the common money counts. On the trial of the cause in the common pleas, the plaintiff gave in evidence a promissory note made by the defendant for the sum of $22, proved a special agreement in these words: "Supreme court, Adin Safford v. Thaddeus Stevens : I hereby stipulate that I will pay to the attorney for the defendant the taxable costs in this suit now accrued, the same having been discontinued," and produced an exemplification of the record of judgment of discontinuance, the costs inserted in which were $57 08. The plaintiff, instead of proving notice to the defendant of the amount at which the costs had been taxed, gave evidence of the regularity of the taxation, by proving service of a copy of the bill, and notice of taxation on the attorney of *Adin* Safford, who, however, did not attend the taxation. The defendant's counsel then offered to prove that the attorney of *Adin* Safford had given notice to the plaintiff's attorney to appear before the taxing officer to have the costs re-taxed, which being objected to, the court decided that the testimony was inadmissible, but (probably deeming it wholly immaterial) advised the plaintiff's counsel to consent to it, who refusing, one of the judges observed that they would then put an end to the suit at once, and asking the counsel for the plaintiff whether a copy of the taxed bill had been served on the defendant in the suit then on trial, and a demand of payment made of him, and receiving an answer in the negative, the court (without being moved by the counsel for the defendant for that purpose) nonsuited the plaintiff, on the ground that a copy of the taxed bill of costs should have been served on the defendant, *Gideon* Safford, and payment demanded of him before the suit was commenced. The fact of the note of $22 having been proved, probably not occurring to the court, the counsel for the plaintiff excepted to the ruling of the court that the plaintiff should be nonsuited, and brought his writ of error. The supreme court reversed the judgment of nonsuit, directed the record to be remitted to the common pleas, and that a venire *de novo* be awarded, and gave judgment for the costs of the suit in error, amounting to $153,92. The record in the supreme court contained a suggestion that Gid

eon Safford had obtained satisfaction of the judgment for costs in the common pleas, whereby Thaddeus Stevens had lost $73,83, " as was suggested, shewn to, and manifestly appeared" to the court, whereupon the court awarded restitution.

*D. Russell*, for plaintiff in error, insisted, that unless the plaintiff in the common pleas was entitled to recover on the special agreement, the judgment of nonsuit was correct. [CHANCELLOR. By the record, it appears a venire *de novo* was directed in the common pleas ; has a final decision been had of this cause? and until then, can a writ of error be prosecuted?] The decision of the supreme court is *final* as to the costs of the writ of error, and may be reviewed by this court, even before the termination of the suit in the common pleas. The suit should have been brought in the name of the attorney. (1 *Johns. R.* 139.) The plaintiff was bound to prove notice to the defendant of the amount at which the costs were taxed, and until such notice, the defendant could not be required to pay. (1 *Saund.* 33, *n.* 2. 5 *T. R.* 409. 1 *Dunlap's Pr.* 162, 3. 1 *Esp. N. P. Cases,* 250. *Comyn's Dig. tit. Pleader, c.* 73.) This is the essence of the decision of the common pleas. The plaintiff was nonsuited, because, as expressed in the bill of exceptions, he had not served the defendant with a copy of the taxed bill of costs, and demanded the same. The copy of the taxed bill would have been the best, and, perhaps, the only correct notice that could be given, and in it the demand of payment was necessarily involved. The law required no other demand ; and it is not to be presumed that the court intended other than such demand. Their decision was, that the plaintiff must be nonsuited, having failed to shew that he had given notice of the amount of the costs to the defendant, before bringing his suit.

The party had no right to ask a reversal of the judgment of nonsuit, on the ground that he was entitled to a verdict on a count in his declaration, on which the common pleas *did not* decide; and it was so held in *Hatch* v. *Adams,* (8 *Cowen,* 35.) There, as in this case, there was a count on a special agreement, and also the common counts. The plaintiff was

nonsuited for a variance between the proof and the special count, and a bill of exceptions was tendered. On the argument, the plaintiff contended that he ought not to have been nonsuited, because he was entitled to recover under the common counts; but, inasmuch as the plaintiff did not claim on the trial that the evidence applied to the common counts, the court refused to listen to the argument, and affirmed the judgment. (See, also, 1 *Pickering's R.* 33.) The point decided by the common pleas, in the present case, was, that the plaintiff was not entitled to recover *on his special agreement.* To that decision, the plaintiff excepted; and the supreme court should not have looked beyond the bill of exceptions; the office of which is not to draw the whole matter into examination, but only the points to which it is taken. (8 *Johns. R.* 495. 11 *Wheat.* 277. 6 *Cowen,* 189.) A judgment should not be reversed for the omission of a judge to advert to a trivial fact in a case, which may have escaped his recollection on the trial of a cause, but should be only for the commission of an error in law. A party cannot complain for the omission of a judge in noticing either a question of fact or law. If he thinks it material, he should ask the attention of the court to the point, and then if the judge errs, he has his remedy. Had that been done here, the defendant unquestionably would have been called upon for his defence, or a verdict would have passed against him for the amount. Besides, the plaintiff had his remedy by applying to the common pleas to set aside the nonsuit.

The party was not entitled to restitution. It is only allowable where the execution and return are set forth. If no execution has issued, or if the money is paid after execution and before return, the party is driven to his writ of inquiry in the nature of a *scire facias.* (2 *Sellon's Pr.* 187, 422.) Besides, the recovery in the common pleas was only $49 42, and restitution is awarded to the amount of $73 83.

*S. Stevens,* for defendant in error, submitted to the court the question suggested by the chancellor, whether the party was in a situation to avail himself of a writ of error; whether, under the direction of the supreme court, that a venire *de novo*

should issue, he was not bound to wait the final issue of the cause, to have gone to trial, excepted to the opinion of the court, and then brought his writ of error.

The action was properly brought in the name of Thaddeus Stevens. The promise was for his benefit, and he therefore was entitled to sustain the suit. Besides, the evidence of the promise to pay the costs was complete, independent of the written agreement.

Notice to the defendant of the amount of the costs was not necessary, although averred in the declaration. The averment in this case is the same as in a count on a *quantum valebat*. A plaintiff was never required to prove such notice. Where the agreement is to do a particular thing on *request*, there a request or notice that the performance is required must be shewn. The defendant had the same means of knowledge that the plaintiff had. On enquiry, he might have ascertained the amount of costs, it being matter of record. By the decision of the common pleas, the plaintiff was required to shew a *demand*, as well as notice ; so that if notice was necessary, the decision was still erroneous in the other particular.

The plaintiff had a right to complain that he was nonsuited, when he had proved a good cause of action, although he did not call the attention of the court to any particular fact in the case, when the nonsuit was ordered. The rule, that a party shall not urge any point not presented by the bill of exceptions, applies only where he himself has presented a question in the court below, which is decided against him, and which he seeks to review by the means of a bill of exceptions. It is then that he is confined to the points presented by the bill ; but this rule cannot be urged where no question was submitted by the party who excepts. The court decided that the plaintiff was not entitled to recover ; the plaintiff excepted to the decision, and now urges here what was included in his exception, viz. that the decision was erroneous.

As to the award of restitution. There is no error in the record, on the face of it. The court had a right to award restitution, and nothing contrary to the record can be aver-

red. If it was supposed to be improperly awarded, application should have been made to the supreme court to correct the error; and then the party would have had the opportunity to shew why he was entitled to restitution for a greater sum than the amount of the judgment against him. The practice of the supreme court has been, to apply to the court on notice, founded on affidavit, to liquidate the amount for which restitution shall go. Latterly, it is the practice to make proof before the officer who signs the judgment.

THE CHANCELLOR. If the plaintiff proves all that is laid in his declaration, he ought not to be nonsuited. If the declaration is insufficient, the defendant may avail himself of the defect by demurrer; and if he succeed, he will be entitled to his costs. If he neglects to do that, he cannot avail himself of the objection at the trial, but will be put to his motion in arrest of judgment ; in which case neither party will be entitled to the costs which have been unnecessarily incurred by the neglect of the defendant to bring the question of law before the court, in the first instance. (*Cameron* v. *Reynolds, Cowp. R.* 407.) The only ground for a nonsuit at the trial must be, that the proof is not sufficient to support the plaintiff's declaration.

In this case, the only averment in the counts on the special agreement is, that the taxable costs, which the defendant had agreed to pay, amounted to the sum of sixty dollars and fifty two cents, *of which the defendant had notice.* I think this was a case in which the defendant could not be required to pay until he had notice from the plaintiff of the amount of his taxable costs, as it was a case in which the actual amount was particularly within the knowledge of the plaintiff. The defendant, not being a party to the suit in which those costs accrued, could not be presumed to know the amount until he was informed thereof by the plaintiff. The plaintiff on the trial would have been bound to prove the averment in his declaration ; but I think the court erred in requiring him to shew that he had served a copy of his taxed bill of costs on the defendant, and demanded payment thereof, before the commencement of his suit. There was no such averment in

the declaration. If the defendant had received notice of the amount from the plaintiff, it then became his duty to pay the same immediately; and the commencement of the action was a sufficient demand. The court nonsuited the plaintiff, because he could not shew what, by law, he was not required to prove, and without giving him an opportunity to prove what he had averred in his declaration.

I think the action on the special agreement was properly brought in the name of the person with whom it was made. There was no privity between the defendant and the attorney of Stevens. The agreement was not made for the attorney's benefit, but for the benefit of Stevens, who was liable to him for the costs, if they had not already been paid. He was merely the agent of Stevens to receive the money, and could only have retained out of the same the amount of his own costs. The residue of the taxable costs would belong to the plaintiff.

Besides, the note which had been given in evidence was a valid subsisting demand, to which there was no objection. That, of itself, would have been a sufficient answer to a motion for a nonsuit. I presume the court had entirely overlooked that piece of evidence when they nonsuited the plaintiff. If the application for the nonsuit had come from the defendant, so that the plaintiff could have had an opportunity to urge that as an objection, and omitted to do so, his omission might perhaps be considered as a waiver of his rights; as the defendant might have had some good defence to the note. But, under the circumstances of this case, I think the plaintiff in the court below is entitled to avail himself of that objection to the judgment of nonsuit, and his bill of exceptions is broad enough to reach it. For these reasons, the judgment of the supreme court, reversing the judgment of the common pleas, and awarding the costs of the proceedings in error, ought to be affirmed.

The only remaining objection is to that part of the judgment of the supreme court which awards restitution of the costs recovered and collected by Safford on the judgment of nonsuit in the court of common pleas. It was undoubtedly the former practice to award restitution on the reversal of

the judgment, only where it appeared by the return of the execution that the damages or costs erroneously awarded by the court below had been actually levied and paid over to the defendant in error. And if the fact did not appear upon the record, the party was put to his *scire feci* enquiry to ascertain the fact; upon the return of which, restitution was awarded. (*Tidd's Pr.* 906. 2 *Salk.* 588.) But I believe the modern practice has been, to apply to the court, on affidavit, for leave to suggest the fact on the record, and upon which judgment of restitution is awarded. I see no objection to this course, as the court would undoubtedly permit the defendant to traverse the suggestion, if there was any doubt of its truth.

I have not examined into the correctness of this practice, as the question is not properly before us; it never having been submitted to the supreme court for their decision. As the suggestion stands upon the record, it appears that the fact of the collection of the judgment was satisfactorily proved to the court; whether by the return of the execution, or in what other manner, is not shewn. I presume it was done by the attorney of Stevens, as a matter of form merely; and if that was irregular, the plaintiff in error should have submitted the question directly to the supreme court, by an application to strike it out. The judges have not been called upon to give their reasons for this judgment of restitution; and I presume the question has never been passed upon by them. There is therefore no judgment of the supreme court upon the point. In *Colden* v. *Knickerbacker,* (2 *Cowen's R.* 31,) this court decided they would not reverse a judgment of the supreme court for mere formal defects in the record, which had not been submitted to that court for their actual decision. And in *Henry* v. *Cuyler,* (17 *Johns. R.* 469,) and *Gelston* v. *Hoyt,* (13 *Johns. R.* 361,) this court would not even examine errors in substance, which the plaintiffs in error had not distinctly submitted to the actual adjudication of the court below.

I am of opinion that the judgment of the supreme court in this case should be affirmed, with costs.

This being the *unanimous* opinion of the court, the judgment of the supreme court was thereupon affirmed, with costs.