By the Court, Bronson, J.
If we assume that the agreement with Walgrove was made in pursuance of the plaintiff’s authority to sell the farm, I think the judge was wrong in holding that the defendant had not received his $20,000. He had been paid $5,000—the amount of the notes—inmoney, and had also received the Greenwich-street house and lot at the stipulated price of $19,500. As a question of payment, no distinction can be made between the two sums. When the parties have agreed on a particular thing as a medium of payment, whether it be lands, goods or labor, and the agreement has been *384 carried into execution, it is the same thing in legal effect as though the like sum had been paid in money. It is so even as a question of pleading. (Beardsley v. Root, 11 John. R. 464 ; Ainslie v. Wilson, 7 Cowen, 662 ; Hands v. Burton, 9 East, 349 ; Pickard v. Bankes, 13 id. 20 ; Clark v. Fairchild, 22 Wend. 582, et seq., per Cowen, J.) The two sums make together $24,500, and leave a surplus of $4,500 to be divided equally between the plaintiff and defendant, in pursuance of their agreement.
But there is a difficulty in the plaintiff’s case. He did not pursue his authority in making sale of the farm. The defendant in his proposition spoke of “ payments running from one to three years j” and the contract with Walgrove was, that the amount of purchase money which was to be secured by bond and mortgage should be paid “in three equal instalments,at two, three and four years.” Another objection is, that the proposition did not authorize the plaintiff to contract to receive a house and lot, or any thing else but money, in payment for the farm. I think it quite clear that the agent departed from his authority, and that the agreement made with Walgrove did not bind the defendant until he had subsequently ratified and made it his own. He did ratify the agreement, and it has been carried into execution between him and Walgrove. That has relieved the plaintiff from any claim which Walgrove might otherwise have made upon him on the ground of his having undertaken to act as the attorney or agent of another, without sufficient authority. But I do not see how this ratification can give the plaintiff a legal title to the particular compensation which he was to receive if his authority had been strictly pursued. He may be entitled to a reasonable reward for his services in making the sale. But that is not what he demands. He is suing upon a special contract, and before he can recover, he must show that there has been a performance on his part. It is not enough that he has rendered a valuable service to the defendant. It must appear that he has done the very thing for which the reward that he demands was promised. Al *385 though the defendant was very willing to part with his farm on the terms mentioned in the agreement with Walgrove, he may not have been willing to take the New-York property at the stipulated price of $19,500, and .account with the plaintiff for it at that sum. The plaintiff cannot make title to the particular compensation which he demands without showing some new promise or agreement by the defendant to pay that sum.
There was a promise at the time the agreement with Walgrove was communicated to the defendant, and that promise was subsequently repeated. The defendant said he would convey to the plaintiff one half of the New-York property. If that was a valid contract, it is enough to say that the plaintiff has not counted upon it. He seeks to recover upon the original proposition or agreement, and he cannot count upon one promise, and entitle himself to a verdict by proving another
The plaintiff insists that he proved his whole case as it is laid in the fourth count of the declaration, and, therefore, whether he made out a good cause of action or not, he was entitled to a verdict, leaving the defendant to his motion in arrest of judgment. (Safford v. Stevens, 2 Wend. 158.) But the whole count was not proved. There was no proof of the promise to pay $9,750 set forth in the conclusion of the count. On a motion in arrest after verdict that would be regarded as an express promise; (Beecker v. Beecker, 7 John. R. 99 ;) and the plaintiff is only entitled to a verdict when a motion in arrest will present substantially the same question as that which arose at the circuit. A different rule might enable the plaintiff to succeed at the circuit upon one ground, and afterwards retain the verdict upon another, and this, too, where there was no good cause of action. The nonsuit was properly ordered.
New trial denied.