ROBERT C. MARTIN, RESPONDENT, *v.* JACOB S. RECTOR, APPELLANT.

*Restitution of possession, of premises acquired under a judgment subsequently reversed — a provision therefor should be contained in the order of reversal — when it will be subsequently inserted therein.*

A judgment recovered by the plaintiff in an action of ejectment was reversed by the General Term upon appeal, and a new trial was granted. It did not then appear that the plaintiff had been put into possession under his judgment, and nothing was said in the order of reversal about restitution or restoration of possession. Upon the new trial the defendant recovered a verdict, upon which he entered a judgment for costs, and inserted therein, without any direction from the court, a provision for the restitution of the possession of the premises to him.

Upon an appeal from an order striking this provision from the judgment:

*Held,* that although the mere verdict for the defendant did not authorize the insertion of the clause directing restitution, yet, as the General Term would have directed such restitution to be made by their order of reversal, if their attention had then been called to the matter, it was proper now, upon the defendant's application, to direct such a provision to be inserted in their order of reversal, and to reverse the order appealed from upon the payment of costs.

APPEAL by the defendant from an order of the Special Term, modifying a judgment and setting aside an execution, or writ of possession, and directing the sheriff to restore plaintiff to the possession of the premises in question.

On the original trial of the action (ejectment), before a referee, the plaintiff recovered a judgment for possession for non-payment of rent. By virtue of a writ of possession, the defendant was ejected and the plaintiff was put into possession.

The defendant appealed, and the General Term reversed the judgment, discharged the referee and ordered a new trial. A new trial was had at circuit, and a verdict rendered for the defendant.

Thereupon the defendant entered a judgment for costs, duly taxed, and for restitution of possession of the premises from which he had been ejected under the reversed judgment. Upon a writ issued thereupon the defendant was duly restored to possession.

*George W. Miller,* for the appellant.

*Samuel Hand,* for the respondent.

LEARNED, P. J.:

When the appeal from the first judgment came before us we had no knowledge, from the record, that the plaintiff had been put into possession. Therefore our order of reversal said nothing about restitution, or restoration of possession. It is said in *Safford* v. *Stevens* (2 Wend., 158), that, upon the reversal of a judgment, restitution of money collected may be awarded on a suggestion upon the record, supported by affidavit, that the same had been collected.

In *Costar* v. *Peters* (4 Abb. [N. S.], 53), where judgment for the plaintiff in ejectment had been reversed and a new trial granted, it was held proper to include in the reversal an award of restitution of the premises. And it was said that this was a matter of course. (See old Code, § 330.) It would then have been right for

this court, on reversing the judgment to grant restitution, or restoration to possession, had it been made to appear that the plaintiff had enforced his judgment and taken possession. So in *Dawley* v. *Brown* (43 How., 17), the plaintiff had recovered judgment in ejectment and had taken possession by writ of execution. Afterwards the judgment was set aside and the defendant allowed to defend. Thereupon an order was made that the defendant be restored to possession, which was affirmed by the General Term.

The Revised Statutes provide for a vacating of a judgment in ejectment, on payment of costs. (2 R. S., m. p., 309, § 37.) This is a matter of statutory favor, and not for any error in the trial. Such vacating therefore does not show that the plaintiff has wrongfully recovered his judgment. It leaves the presumption with the plaintiff that his judgment is right, but permits the defendant as a privilege, to have a new trial. Probably for that reason the subsequent section (41, p. 310) provided that the vacating of any such judgment, as therein provided, should not affect the plaintiff's possession, if he had taken possession. But when there should be a new trial, then, if the defendant recovered, he should be entitled to a writ of possession. The subject of new trials for errors, and of the reversal of judgments for errors seems to be left to the ordinary practice of the courts. This is indicated in *Huntington* v. *Forkson* (7 Hill, 195). If then the reversal of the judgment and the granting of a new trial would entitle the defendant to be restored to the possession, of which he had been deprived by a writ issued on the judgment, it seems to be still more evident, that when, on the second trial, the defendant has had a verdict and entered judgment, he should be placed where he was, before the plaintiff removed him from possession. The plaintiff now has no judgment in his favor. The trial of the action has decided the controversy in favor of the defendant. Yet the plaintiff retains the full benefit of a judgment which has been reversed; and retains it after he has been unsuccessful. What the ground of defense may have been seems to be immaterial. The plaintiff can maintain no rights by virtue of an action in which he has been beaten.

But the plaintiff insists that on this second trial he proved his title, and that he was defeated only because the defendant was not proved to have been in possession at the commencement of the

action.   But the very language of the charge, on which the plaintiff relies, shows that he proved his title, not against the world, but only against this defendant.   Therefore the plaintiff's position is, that if he brings an action of ejectment against one who is not in possession, and in some way recovers judgment and goes into possession, he shall retain such possession after the judgment has been reversed and a new trial had, on which the defendant has had a verdict and judgment.   It seems to us that the question here is one of practice.   The defendant, as has been shown by the cases cited, was entitled, as a matter of course, to restoration.   The question is, whether he could enter a judgment to that effect without special application to the court.   Probably the mere verdict for the defendant did not authorize an order of restoration.   The fact that the plaintiff had gone into possession was not in issue on the trial.   But upon this fact appearing to the court we have seen by the cases cited that restoration should be ordered.   And the defendant showing this fact, now makes an application that the order of reversal heretofore granted by us shall contain an order to restore the defendant to possession.

We think therefore that the rights of the parties may be properly adjusted by granting this application and reversing the order appealed from, upon payment of costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order reversed, without costs, and relief asked for by defendant granted on payment of ten dollars costs.

Order to be settled by LEARNED, P. J.