AMBROSE S. MURRAY, in behalf of himself and others, Respondents, v. ROBERT H. BERDELL et al., Appellants.

MARGARET C. WALLACE, as Executrix, etc., Respondent, v. The Same Appellants.

Under the provision of the Code of Civil Procedure (§ 1323), authorizing an appellate court, on reversal of a final judgment, to "make or compel restitution of property or of a right lost by means of the erroneous judgment," such court cannot restore property taken and sold under another judgment, although the effect of the reversal is to decide that the property was taken from the party legally entitled to it; it may interfere in this summary manner only to restore property or rights lost by the judgment reversed.

A judgment in a suit, brought by a judgment creditor to annul a deed executed by the debtor, adjudged the deed fraudulent and void as to creditors of the judgment debtor; that the judgments upon which the suit was founded were subsisting liens on the real estate conveyed, and that it was liable to be sold thereunder as if no such conveyance had been made. Thereupon the creditors proceeded under their executions upon the original judgments, and sold the interest which the debtor had at the time of docketing those judgments respectively. After deeds had been executed to the purchasers, the judgment in the creditors' suit was reversed on appeal. On application for restitution of the property sold, *held*, that this was not a proper case for granting such relief, as the sale was not under that judgment, and the purchasers were not put in possession under it, but under the original ones.

In another creditor's suit it appeared that the creditors in their original action issued an attachment, and, under it, levied upon land which had been conveyed by the debtor; they perfected judgment and issued execution, and then instituted the creditors' suit. The judgment therein set aside the conveyance, established the lien of the attachment, and directed the sheriff to proceed and sell the right, title and interest of the judgment debtor in the real estate so levied upon free and discharged from any claim, right, interest or lien of his grantee and the other defendants, to make the amount due upon the original judgment, and the expenses in the equity suit, which were directed to be first paid out of the proceeds. The sheriff sold and conveyed, in obedience to the commands of said judgment, as well as under and by virtue of the attachment and execution, to trustees for the creditors, who, at the time of a motion for restitution, so far as appeared, still held the real estate. *Held*, that a proper case was presented for granting the relief sought; and this, although the judgment of reversal ordered a new trial; that

the fact that upon a new trial plaintiffs might obtain another judgment, authorizing a re-sale of the land, was no ground for keeping the grantee out of the possession and enjoyment of his property, of which he had been deprived by an erroneous judgment.

*It seems* that in such case no reconveyance is necessary; all that is required is to restore the owner to possession, as the title of the trustees is extinguished by the reversal.

Also *held*, that the owner was entitled to an accounting and payment of the rents and profits during the time he was kept out of possession.

(Argued March 3, 1885 ; decided March 17, 1885.)

THESE were motions, the nature of which, and the material facts, are stated in the opinion.

*Alfred Taylor* for motion.

*A. F. Murray, Jr.*, opposed.

RAPALLO, J. These are motions for restitution made by the defendant Charles P. Berdell, under section 1323 of the Code of Civil Procedure.

Under that section, upon the reversal of a final judgment, the appellate court is authorized " to make or compel restitution of property, or of a right, lost by means of the erroneous judgment."

Both of the above-entitled actions were creditors' suits brought for the purpose of annulling, as void as against the creditors of Robert H. Berdell, two deeds of real estate in Orange county, N. Y., executed by him to Charles P. Berdell, which bore date respectively, April 7, 1875, and April 28, 1875, and were both recorded May 6, 1876. Final judgments were rendered by the Supreme Court in both cases adjudging the deeds void as against the creditors of the grantor. But for the purposes of this motion the cases must be considered separately.

The first case — that of *Murray* v. *Berdell, etc.*— will be first considered. In this case the complaint sought to avoid the deeds and declare the subsequent judgments liens upon the prop-

erty conveyed. The judgment adjudged the deeds fraudulent and void as to creditors, declared the judgments recovered by the plaintiffs against Robert H. Berdell subsisting liens on the real estate conveyed, and adjudged that such real estate was liable to be sold thereunder as if such fraudulent conveyances had not been made. It did not direct any sale of the real estate for the satisfaction of the original judgments, but simply left the judgment creditors to obtain satisfaction by means of the executions which they had already issued.

After the rendition of the judgment in this equitable action, the creditors proceeded under their executions upon their original judgments against Robert H. Berdell, and sold the right, title and interest which he had, at the times of docketing those judgments, respectively, in various parcels of the real estate which had been previously conveyed by him to Charles P. Berdell by the deeds which in this action had been adjudged void. Some smalll parcels were sold to apparently *bona fide* purchasers for value. The bulk of the property was sold to trustees for the creditors.

After these sales had been made and deeds had been executed by the sheriff to the purchasers, the judgment of the Supreme Court in this action, declaring void the deeds from Robert H. Berdell, the judgment debtor, to Charles P. Berdell, was reversed by this court. Charles P. Berdell now applies for restitution of the property sold.

We are of opinion that the case presented is not a proper one for ordering restitution. The property was not sold under the judgment in this action, but under the original judgments and executions against Robert H. Berdell, and all that was sold was his right, title and interest in the property. That sale could have been made before the rendition of the judgment in this action as well as after. The purchasers at the sale were not even put in possession by means of the judgment which was reversed. That judgment, so long as it remained in force, would have been available to the purchasers at the sale, in any proceeding instituted by them to obtain possession under the sheriff's deeds, or if they obtained possession without proceed-

ings, it could have been set up by them as against any action Charles P. Berdell might have brought to recover back the property under his deeds from Robert H. Berdell. But he was not deprived of his possession of the property, nor was his right to set up his title lost by means of that judgment. On its reversal his right to assert his title at once revived, and he occupied the ordinary position of one whose property has been taken under a judgment against another person. He can bring ejectment and recover back the possession with mesne profits, even against a *bona fide* purchaser; for the property was not sold under a judgment against him, but under judgments against Robert H. Berdell, and all that the sheriff's deeds purported to convey was the right, title and interest which Robert H. Berdell had when the judgments against him were docketed, and they were subsequent to the conveyance to Charles P. Berdell. The court has power to restore, in a summary manner, only property or rights which have been lost by the judgment which it has reversed. It is thus enabled to make its reversal effectual and undo what has been done under the erroneous judgment, without the institution of a new action. But it cannot interfere in this summary manner to restore property which has been taken and sold under other judgments, even though the effect of the reversal is to decide that the property was taken from the party legally entitled to it. On that ground the motion in the case of *Murray* v. *Berdell* should be denied.

In the other action — that of *Wallace, Executor,* v. *Berdell* — the motion stands upon different grounds. In that case the original plaintiffs, Wallace and Phillips, had issued an attachment in an action against Robert H. Berdell, under which attachment the sheriff of Orange county, on the 23d of August, 1876, levied upon and attached as real estate of Robert H. Berdell, the land which was afterward sold and of which restitution is now sought. Wallace and Phillips then went on and perfected judgment in their action at law against Robert H. Berdell and issued execution thereon. They then instituted the action in equity, not only to set aside the prior conveyance to Charles P. Berdell of the attached real estate, but

to establish the lien of their attachment thereon and for other relief, and the judgment of the Supreme Court in that action not only set aside the conveyance to Charles P. Berdell and established the lien of the attachment, but directed the sheriff of Orange county, holding said attachment and execution, to proceed and sell the lots and premises levied upon by him under said attachment, or so much thereof as should be necessary, not only to make the amount due upon the judgment, but also sufficient to make the costs and expenses of the equity suit in which the present motion is made, which amounts were $6,997.73, with interest from July 31, 1877, damages, and $1,724.84 costs in the equity suit, which costs were directed to be first paid out of the proceeds of the sale. The judgment then proceeded to direct the sheriff to sell not merely the right, title and interest which Robert H. Berdell had on the 23d of August 1876 (the day the attachment was levied), but to sell it free and discharged of and from any claim, right, title and interest or lien of Charles P. Berdell and some others of the defendants in the equity suit.

As appears from the sheriff's certificate given in pursuance of the sale, and from the deed subsequently executed by him to the purchasers, he made the sale in obedience to the commands of the judgment in this action, and also under and by virtue of the attachment and execution in the action at law, and the property now in question was struck off to Francis B. Wallace and Ambrose S. Murray for the sum of $10,145, on the 29th day of August, 1879, and afterward, on the 1st of December, 1880, he executed a deed to the purchasers, conveying the property so sold to them as trustees as hereinafter mentioned, free and discharged of all claim, right, title or interest of the defendant Charles P. Berdell and some of the other defendants named.

It is quite clear that this sale and conveyance were made under the judgment which has been reversed. They could not have been made under the original attachment and execution, for those would not have authorized a sale to raise the $1,724.84,

costs of the equity suits, nor to sell any thing but the title and interest of Robert H. Berdell.

It is equally certain that if the purchasers, Murray and Wallace, had been *bona fide* purchasers for value, their title under the sheriff's deed could not have been disturbed, because the judgment in this action was then in full force, and the only recourse of Charles P. Berdell would have been against the plaintiffs in the judgment, to compel the value or the purchase-price of the property sold, to be restored, or to be deposited to abide the event of the action.

Murray and Wallace were not, however, *bona fide* purchasers for value. They purchased as trustees for the judgment creditors of Robert H. Berdell, and in pursuance of an agreement between them. So far as it appears, Murray still holds the property as the sole survivor of the said trustees. In fact he so admits, in substance, in the affidavit read by him upon this motion, wherein he states that he has since said sale received rents thereof, and paid for taxes, insurance and repairs thereon. The defendant Charles P. Berdell consequently stands in the position of a party whose property has been sold and taken out of his possession under an erroneous judgment which has since been reversed, the property having been bought in for the benefit of the plaintiffs in the judgment, and being still in the hands of their trustee. Those facts in our opinion present a proper case for restitution under section 1323 of the Code.

It is contended on the part of the plaintiffs that restitution should not be ordered, because the judgment of reversal is not final, but a new trial has been ordered, and there are grounds upon which the plaintiffs may still finally prevail in the action. These considerations are not conclusive. The defendant has been deprived of the possession and enjoyment of his property, under a judgment which has been pronounced erroneous and has been reversed.

The circumstance that it is possible that on another trial the plaintiff may obtain another judgment which will entitle her to sell the property again for the debt due to her testator, is no ground for permitting her or her trustee to retain possession

under the sale which has been swept away by the reversal of the judgment.

The case of a reversal, with an order for a new trial, is contemplated by section 1323 of the Code, which provides that where property has been sold under the judgment, to a purchaser in good faith and for value, the court may not compel restitution so as to affect the title of the purchaser, but may compel the value or the purchase-price to be restored or deposited to abide the event of the action, as justice requires.

A further objection is made that if Murray, the trustee, should be compelled to reconvey the property to Charles P. Berdell, the latter would get a better title than he had originally. Without discussing that point, it is sufficient to say that no reconveyance is necessary. All that is required in respect to the real estate is that it be restored to the possession of Charles P. Berdell. He will then be in by virtue of his deeds from Robert H. Berdell, the title of Mr. Murray, as surviving trustee, being extinguished by the reversal of the judgment under which the trustees purchased.

But a restoration at the present time of the possession of the real estate will not effect complete restitution. The defendant has been kept out of possession since the sale, and the rents and profits have gone into the hands of the trustees for the creditors, or some of them. An accounting should be had in respect to these rents and profits, and these rents or mesne profits should be paid to the appellant Charles P. Berdell.

There should be inserted in the remittitur in this action (*Wallace, Executrix,* v. *Berdell et al.*) a recital of this motion and of the appearances thereon, and a direction that the defendant Charles P. Berdell be forthwith restored to the possession of the real estate sold under the judgment of the Supreme Court herein, and conveyed by the sheriff of Orange county by his deed dated December 1, 1880, to Ambrose S. Murray and Francis B. Wallace as trustees. Also a further direction that the mesne profits of the said real estate up to the time of its restitution be ascertained, and be paid by said Ambrose S. Murray to said Charles P. Berdell; and that it be remitted to.

the Supreme Court to make such orders and issue such process or mandates as may be necessary or appropriate to effect the restitution hereby ordered.

All concur.

Ordered accordingly.