Daly, J.
The motion for restitution should be made at the general term, this action having been tried in this court. The Code (§ 1323) directs that where a final judgment is reversed upon appeal, the appellate court or the general term of the same court (i. e., the court where the action is tried) may compel restitution. This enactment confines the exer *97 cise of the powers to the tribunals expressly mentioned, and excludes all others, among them the special term of the court. The former Code (§§ 330, 369) conferred the power upon the appellate court, but it was exercised by the trial court by virtue of its inherent common law powers; and the motion to compel restitution was heard at the special term in the first instance. The new Code recognizes this jurisdiction in the trial court, but confines its exercise to the general term, to which, in the first instance, the application must now be made.
The motion is denied, without costs, without prejudice to renew at the general term.
Defendant thereafter renewed the motion at the general term.
George W. Wickersham for the motion. The court of appeals having disposed of all the questions in the action absolutely in favor of the defendant, the fact that a new trial has been.ordered will not prevent restitution of amounts, paid under the erroneous judgments, it being clear that the-plaintiff cannot succeed on a new trial (Murray v. BerdelL 98 N. Y. 480).
W. B. Putney, for plaintiff, opposed.
Larremore, Ch. J.
This is a motion for restitution under section 1323 of the Code. The plaintiff purchased certain real estate formerly belonging to defendant’s assignors, at the assignee’s auction sale, and under the terms of sale paid ten per cent, of the amount of her bid to bind the bargain. She subsequently rejected the title and brought the present action to recover the amount of her deposit. She obtained a judgment in her favor at special and general terms of this court. The defendant thereupon, for reasons which seem perfectly proper, and of which the court of last resort has approved (107 N. Y. 577), paid the amount of said judgments and satisfied the same. Upon appeal to the court of *98 appeals the said judgments in plaintiff’s favor were reversed, and defendant now demands restitution of the amount so paid.
The phraseology of section 1323 of the Code makes the right to a restitution discretionary with the court in all cases. Counsel for defendant cites adjudications in which the property in dispute had originally belonged to the defendant. Such a case was Costar v. Peters (4 Abb. Pr. N. S. 53), which was an action for ejectment, and in which the plaintiff by execution had been placed in possession of the premises sued for. Similar in effect was Murray v. Berdell (98 N. Y. 480), in which the property of the defendant had been sold under execution to discharge a debt alleged to be due the plaintiff.
We do not consider these cases analogous in principle to the case at bar, because here the money deposited was originally plaintiff’s money, and therefore does not stand for property of which in the first instance defendant had been deprived. If there appeared any feasible chance of plaintiff’s obtaining a different result on the new trial which the court of appeals has ordered, we should be inclined to deny the present motion. Defendant elected to satisfy the judgments, which was equivalent to returning to plaintiff her deposit, to be 'kept in her custody pendente Ute. If, therefore, there remained any actual uncertainty as to the ultimate right to such money, it would be more equitable not to interfere with its present custody, but to hold defendant to his election until final judgment and final affirmance on appeal. But inspection of the pleadings shows that the court of appeals has passed upon and authoritively decided the only question raised. The new objection which counsel for plaintiff seeks to interject upon this motion could not be urged upon a new trial without an amendment of the complaint amounting to a substantial change of base. We are not called upon here to say whether a motion for such amendment could under any circumstances prevail, and certainly we are not when the present application is addressed to our *99 discretion, bound to consider what plaintiff’s possible status might be if a motion for a radical amendment had been made and granted. Upon the case as it stands the court of last resort has finally determined in defendant’s favor the ■only issue involved, and therefore, in the exercise of our ■discretion, it is just that the order of restitution should be made.
The motion should be granted.
Daly and Van Hoesen, JJ., concurred.
Defendant noticed for settlement an order under this ■decision, in the following terms, after the recitals :
It is ordered, that Ellen T. Hayes, the plaintiff above named, make restitution and pay to Charles J. Nourse, Jr., the defendant above named, the sum of $3,652.25, being the amount paid by said defendant to said plaintiff upon the ;said reversed judgments, together with interest thereon from the 15th day of June, 1887, the date of such payment, and together with* $10 costs of this motion, and that judgment ■be entered and docketed in favor of the defendant and against the plaintiff for the sctid sum, and that the defendant have execution therefor.
Judge Van Hoesen, before whom the order was settled, ■struck out the words “ and that judgment be entered and docketed in favor of the defendant and against the plaintiff for the said sum,” and defendant thereupon moved for a resettlement of the order, by inserting the words stricken out.
George W. Wickersham, for the motion. The decision ■of the court of appeals upon appeal from a judgment is a judgment (Code of Civil Procedure, §§ 1317, 1318). If the amount lost by the erroneous judgment appears on the record, the judgment of reversal includes a judgment of restitution. At common law, where such fact did not appear •on the record, a judgment of restitution was awarded upon a writ of scire facias (Graham's Practice, 963; Safford *100 v. Stevens, 2 Wend. 165). And the same result follows under the modern practice by motion (Baylies on New Trials and Appeal, 194; O’Gara v. Kearney, 77 N. Y. 423). Whether made in the appellate court or in the court of original jurisdiction, the motion has precisely the same-effect, and is in the nature of an amendment to the remittitur ; and the direction for restitution is a judgment and: not an order (Sheridan v. Man, 5 How. Pr. 201; Safford v. Stevens, 2 Wend. 164; Kennedy v. O’Brien, 2 E. D. Smith, 41). The distinction is important, as, if the court merely orders restitution, execution can only issue againsfr the personal property of the respondent (Code Civ. Pro. § 779).
William B. Putney, for plaintiff, opposed.
Van Hoesen, J.
The application for restitution ought,, as a matter of safety, to have been made to the court of appeals. There is no doubt at all that that court could have-ordered restitution, and inserted a direction for restitution in its judgment of reversal. That is, as I conceive, the correct practice, and if it had been pursued in this case, an, execution against real property could have been issued.
But I do not feel authorized to add a jot or tittle to the-judgment of the court of appeals. When a remittitur is-received, my duty as a judge of the common pleas is to see-to it that the judgment of the court of appeals is made a judgment of the court of common pleas, but not to do more. Where the court of appeals has not given judgment for restitution, the court of common pleas cannot give it. Perhaps the true construction of section 1323 is, that when the-general term of the common pleas reverses a judgment, it may adjudge restitution; and that when the judgment is reversed by the court of appeals, that court and no other may adjudge restitution. But I am bound by the construction that my-own general term has given to the section, and therefore I will adhere to the ordef of restitution, but I do not think *101 éhat I have the power to direct the entry of a judgment of restitution in this case.
Why does not Mr. Nourse now apply to the court of .-appeals for an amendment of the judgment, so that restitution may be provided for therein ? That seems to me to be the straight road out of the difficulty, though an action for the money will also lie (Lott v. Swezey, 29 Barb. 87).
Defendant thereafter moved for an order vacating all proceedings had in the court of common pleas since the filing of the remittitur, and that the remittitur be returned to the court of appeals, in order that defendant might apply to said court for an amendment of its judgment, directing restitution of the amounts paid to the plaintiff under the erroneous judgments; which motion was granted, the court inserting a provision that the said remittitur should be so returned to the court of appeals “ when that court shall request such return.”
Defendant thereupon moved the court of appeals upon ■affidavits setting forth the proceedings taken in the court of ■common pleas, and the various opinions rendered as aforesaid, that the court recall the remittitur, and that the judgment of reversal be amended by inserting that the defendant do recover of the plaintiff the amounts paid under the erroneous judgments, with interest; and that the judgment be then again remitted to the court of common pleas, to be «enforced according to law.
George W. Wickershami, for the motion.
WilUam B. Putney, for plaintiff, opposed.
The court of appeals thereupon rendered the following -order :
<c A motion having heretofore been made on the part of the appellant in the above entitled action, to amend the •remittitur, dated June 29, 1889, from the court of appeals \to the court of common pleas for the city and county of *102 New York, by inserting .a direction for restitution andl papers having been duly submitted thereon, and due deliberation thereupon had, and it appearing to this court that on June 15, 1887, the defendant paid to the plaintiff $3,652.25,. the amount due on two judgments theretofore recovered by the plaintiff against the defendant, and said judgments having been reversed in this court, it is Ordered that the defendant recover of the plaintiff by way of restitution, said sum of' $3,652.25 with interest from the date of payment, and that the record in this case and the proceedings in this court therein, be, and they hereby are, again remitted to the said, court of common pleas, there to be proceeded upon according to law.”
The remittitur was again filed in the court of common pleas, and an order was entered ex aparte at Special Term reciting the proceedings and providing as follows:
“It is adjudged that the judgment entered in this, action on April 4, 1887, upon the report of the referee appointed herein, and the judgment of the General Term of this court affirming the same, entered herein on June 10,. 1887, be, and the same are, hereby severally reversed, annulled, and altogether held for naught, and a new trial is hereby-granted in this action, costs to abide the event thereof.
“ And it is further adjudged that Charles J. Nourse, Jr., the defendant above named, do recover of Ellen T. Hayes, the plaintiff, by way of restitution, the sum of $3,652.25, with interest thereon from June 15, 1887, amounting at this, date to $570.97, in all the sum of $4,223.22, and that said defendant have execution against the plaintiff therefor.”
Plaintiff thereupon moved the court at Special Term to. re-settle said judgment by striking out the provisions directing that the defendant do recover, and that execution issue..
John Hayes, for the motion. The direction of the court, of appeals was simply an order. They ordered restitution to be awarded. The court has no power to enter a judgment, upon such order.
*103 George W. Wichersham, for defendant, opposed.—The direction of the court of appeals is a judgment, and is expressed in the usual and apt words of a judgment (O’Gara v. Kearney, 77 N. Y. 423; Murray v. Berdell, 98 N. Y. 486; Code Civ. Pro. § 1323).
Allen, J.
The motion is denied on the authority of. O’Gara v. Kearney, 77 N. Y. 423.